Raphael Deutsch
Stein Saks, PLLC
One University Plaza, Suite 620
Hackensack, NJ, 07601
P. (201) 282-6500
Fax: 201-282-6501
rdeutsch@steinsakslegal.com

*Attorney for Plaintiff Eugene Robinson-Morris*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Eugene Robinson-Morris, individually and on behalf of all others similarly situated,<br><br>  Plaintiff,<br><br>  vs.<br><br>Investment Retrievers, Inc. and John Does 1-25<br><br>  Defendant | No.: _<br><br>**CLASS ACTION COMPLAINT for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq.**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Eugene Robinson-Morris ("Plaintiff") by and through his attorneys, Stein Saks PLLC as and for his Complaint against Defendant Investment Retrievers, Inc., ("Defendant IR") individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

### **INTRODUCTION/PRELIMINARY STATEMENT**

1. Congress enacted the Fair Debt Collection Practices Act (the "FDCPA") in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to material instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress concluded that "existing laws…[we]re inadequate to protect consumers," and that "'the effective collection of debts' does not require 'misrepresentation or other abusive debt collection practices.'" 15 U.S.C. §§ 1692(b) & (c).

2. Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to "insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." Id. § 1692(e). "After determining that the existing consumer protection laws ·were inadequate." Id. § l692(b), Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. Id. § 1692k.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this class action pursuant to 15 U.S.C. § 1692 et. seq. and 28 U.S.C. § 2201.  The Court has pendent jurisdiction over the State law claims in this action pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) as this is where the Plaintiff resides as well as where a substantial part of the events or omissions giving rise to this claim occurred.

## NATURE OF THE ACTION

5. Plaintiff brings this class action on behalf of a class of Arizona consumers under §1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA"), and

6. Plaintiff is seeking damages and declaratory relief.

## PARTIES

7. Plaintiff is a resident of the State of Arizona, County of Maricopa, with an address of 4520 E Windsong Drive, Phoenix, AZ 85048.

8. Defendant IR is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA with an address of 950 Glenn Dr., Suite 160, Folsom, CA 95630.

9. Upon information and belief, Defendant IR is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

10.     John Does l-25, are fictitious names of individuals and businesses alleged for the purpose of substituting names of Defendants whose identities will be disclosed in discovery and should be made parties to this action.

## CLASS ALLEGATIONS

11.     Plaintiff brings this claim on behalf of the following class, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

12. The Class consists of:

    a. all individuals with addresses in the State of Arizona;

    b. to whom Defendant IR sent a collection letter attempting to collect a consumer debt;

    c. that failed to properly identify the name of the current creditor to whom the debt was allegedly owed;

    d. which letter was sent on or after a date one (1) year prior to the filing of this action and on or before a date twenty-one (2l) days after the filing of this action.

13. The identities of all class members are readily ascertainable from the records of Defendants and those companies and entities on whose behalf they attempt to collect and/or have purchased debts.

14. Excluded from the Plaintiff Class are the Defendants and all officer, members, partners, managers, directors and employees of the Defendants and their respective immediate families, and legal counsel for all parties to this action, and all members of their immediate families.

15. There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendants' written communications to consumers, in the forms attached as Exhibit A, violate 15 U.S.C. §§ l692e.

16. The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories. The Plaintiff will fairly and adequately protect the interests of the Plaintiff Class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor his attorneys have any interests, which might cause them not to vigorously pursue this action.

17. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

   a. **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Class defined above is so numerous that joinder of all members would be impractical.

   b. **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Class and those questions predominance over any questions or issues involving only individual class members. The principal issue is whether the Defendants' written communications to consumers, in the forms attached as Exhibit A violate 15 USC §l692e.

   c. **Typicality:** The Plaintiff's claims are typical of the claims of the class members. The Plaintiffs and all members of the Plaintiff Class have claims arising out of the Defendants' common uniform course of conduct complained of herein.

5

  d. **<u>Adequacy:</u>** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff have no interests that are adverse to the absent class members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor his counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

  e. **<u>Superiority:</u>** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

18. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

6

19.     Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## FACTUAL ALLEGATIONS

20.     Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered above herein with the same force and effect as if the same were set forth at length herein.

21.     Some time prior to January 8, 2021, an obligation was allegedly incurred to Chrysler Capital by Plaintiff.

22.     The Chrysler Capital obligation arose out of transactions in which money, property, insurance or services which are the subject of the transactions were primarily for personal, family or household purposes.

23.     The alleged Chrysler Capital obligation is a "debt" as defined by 15 U.S.C. §1692a(5).

24.     Chrysler Capital is a "creditor" as defined by 15 U.S.C. §1692a(4).

25.     Defendant IR, a debt collector, contracted with Chrysler Capital to collect the alleged debt.

26.     Defendants collect and attempt to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone and internet.

*Violation I – January 8, 2021 Collection Letter*

27. On or about January 8, 2021, Defendant IR sent Plaintiff a collection letter (the "Letter") regarding the alleged debt currently owed to Chrysler Capital. **See Exhibit A**.

28. The letter states that Chrysler Capital is the "Original Creditor."

29. The letter further states: "Make us an offer to resolve your former Chrysler Capital obligation."

30. At no point in the letter does the Defendant state who the current creditor is.

31. In addition, by describing the alleged debt as a former Chrysler Capital obligation, the Letter clearly indicates that there is a subsequent creditor after the original creditor who is the current creditor.

32. The consumer has no way of knowing who the current creditor is from the face of the letter.

33. It is deceptive to not clearly state who the creditor is in any collection letter sent to a consumer.

34. Mere illusions are not enough, but the letter must specifically and clearly state who the creditor is.

35. Defendant's actions created an appreciable risk to Plaintiff of being unable to properly respond or handle Defendant's debt collection.

36. Defendant's Letter prevented Plaintiff from making payment as it is unclear who is the current creditor of the letter.

37. Plaintiff did not know how to handle the Letter.

8

38. Due to Defendants' actions, Plaintiff expended time and money in determining the proper course of action in response.

39. But for Defendants' improper actions, Plaintiff would not have done so.

40. Plaintiff was confused and misled to her detriment by the statements in the dunning letter, and relied on the contents of the letter to her detriment.

41. Plaintiff would have pursued a different course of action were it not for Defendant's violations.

42. These violations by Defendants were knowing, willful, negligent and/or intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violations.

43. Defendants' collection efforts with respect to this alleged debt from Plaintiff caused Plaintiff to suffer concrete and particularized harm as described above and, inter alia, because the FDCPA provides Plaintiff with the legally protected right to be not to be misled or treated unfairly with respect to any action for the collection of any consumer debt.

44. Defendants' deceptive, misleading and unfair representations with respect to its collection efforts were material misrepresentations that affected and frustrated Plaintiff's ability to intelligently respond to Defendants' collection efforts because Plaintiff could not adequately respond to Defendants' demand for payment of this debt.

45. As a result of Defendant's deceptive, misleading, unfair, and false debt collection practices, Plaintiff has been damaged.

## **COUNT I**

**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692e *et seq.***

46. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

47. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

48. Pursuant to 15 U.S.C. § 1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

49. Defendant violated § 1692e:

    a. As the Letter it is open to more than one reasonable interpretation, at least one of which is inaccurate.

    b. By making a false and misleading representation in violation of §1692e(10).

50. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692e et seq. of the FDCPA, and Plaintiff is entitled to an award of actual damages, statutory damages, costs and attorneys' fees.

**DEMAND FOR TRIAL BY JURY**

51. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff Eugene Robinson-Morris, individually and on behalf of all others similarly situated, demands judgment from Defendant IR as follows:

a. Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative, and Raphael Deutsch, Esq. as Class Counsel;

b. Awarding Plaintiff and the Class statutory damages;

c. Awarding Plaintiff and the Class actual damages;

d. Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

e. Awarding pre-judgment interest and post-judgment interest; and

f. Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

DATED, this 31st day of August, 2021

                                                        */s/Raphael Deutsch*
                                                        Raphael Deutsch, Esq.

**Stein Saks, PLLC**
*Attorneys for Plaintiff*
*Pro Hac Vice Pending*